B 104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS** <br> MICHELLE B. CALIENTO | **DEFENDANTS** AES/PHEAA |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> STEVEN WEISS, ESQ., <br> SHATZ, SCHWARTZ AND FENTIN, P.C. <br> 1441 MAIN ST., SPRINGFIELD, MA 01103  413-737-1131 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor ☐ Other <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin <br> ☒ Creditor ☐ Other <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED) the Plaintiff seeks a determination that her student loan obligations to the defendant should be discharged for hardship reasons, pursuant to 11 U.S.C. § 523(a)(8).

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 13-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
1☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4)- Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
☐ 51- Revocation of confirmation

**FRBP 7001(6)- Dischargeability**

☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) - Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☒ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability – other

**FRBP 7001(7) - Injunctive Relief**
☐ 71-Injunctive relief- imposition of stay
☐ 72-Injunctive relief- other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of Claim or Interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in compliant | Demand |
| ☐ Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF Michelle B. CAliento | | BANKRUPTCY CASE NO. 12-30994-HJB | |
| DISTRICT IN WHICH CASE IS PENDING MASSACHUSETTS | | DIVISION OFFICE WESTERN DIVISION | NAME OF JUDGE HENRY J. BOROFF |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) | | | |
| DATE: January 3, 2013 | PRINT NAME OF ATTORNEY (OR PLAINTIFF STEVEN WEISS | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants**. Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys**. Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand**. Enter the dollar amount being demanded in the complaint.

**Signature**. This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**
**WESTERN DIVISION**

| | |
|---|---|
| **In re:**<br><br>**MICHELLE B. CALIENTO**<br>    **Debtor**<br><br>---<br><br>**MICHELLE B. CALIENTO,**<br>        **Plaintiff,**<br><br>vs.<br><br>**AES/PHEAA,**<br>        **Defendant** | **Chapter 13**<br>**Case No. 12-30994**<br><br><br><br>**Adversary Proceeding**<br>**No.:** |

## COMPLAINT TO DETERMINE DISCHARGEABILITY OF STUDENT LOANS

In this complaint, the Plaintiff seeks a determination that her student loan obligations to the defendant should be discharged for hardship reasons, pursuant to 11 U.S.C. § 523(a)(8).

### GENERAL INFORMATION

1. The Plaintiff is Michelle B. Caliento, the Debtor in this case, who resides at 30 Holland Drive, East Longmeadow, Massachusetts 01028.

2. The defendant is AES/PHEAA which is, on information and belief, a governmental entity with an address of 1200 North Seventh Street, Harrisburg, PA 17102, and a mailing address of P.O. Box 1463, Harrisburg, PA 17105.

3. On information and belief, the Plaintiff's loans are held or serviced directly by the Defendant.

4. On July 25, 2012 the plaintiff filed a petition for relief under Chapter 7 of the Bankruptcy Code with this Court.

5. On November 8, 2012 the Plaintiff filed a motion to convert her case to chapter 13, and the case was converted on November 28, 2012.

6. Denise Pappalardo is serving as Chapter 13 trustee in this case.

7. The Court has jurisdiction over the matters as set forth herein pursuant to 28 U.S.C. § 1334.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1409.

9. The matters set forth herein constitute core proceedings, pursuant to 28 U.S.C. § 157(b)(2)(I).

## FACTS

10. The Plaintiff is a single female, who is currently 56 years old residing in a single family residence in East Longmeadow, Massachusetts.

11. In 1995, the Plaintiff obtained a master's degree in psychology from Springfield College, and in subsequent years the Plaintiff was enrolled in a doctoral program in psychology; however, she was unable to complete her dissertation and has not received her doctorate.

12. In the course of obtaining her education, the Plaintiff obtained student loans from the Defendant (account no. 1619).

13. On information and belief, the balance on the loans ("Loans") is approximately $280,643.62 as of the date of the filing of the Debtor's petition (as set forth in a proof of claim filed by the Defendant on December 4, 2012.

14. The loan payments to the Defendant are in the aggregate amount of $857.93 per month.

15. Since completing her studies, the Debtor has worked for approximately 14 years as a psychotherapist, and has also taught at a local college. Her gross income is approximately $88,000.00 per year.

16. It is unlikely that the Plaintiff will receive substantially higher income working in her field.

17. Despite being employed most of the time since obtaining her education, the Debtor has been unable to pay the Loans, for a number of reasons.

18. The Debtor suffers a number of health problems. She is taking medication for hypertension, and she suffers from anti-nuclear antibody ("ANA"), which causes a variant of rheumatoid arthritis.

19. The Plaintiff's circumstances are unlikely to change in the foreseeable future.

20. Annexed to this complaint as <u>Exhibit A</u> are copies of the Schedules I and J from the Plaintiff's bankruptcy petition. As set forth in more detail therein, she has a shortfall of approximately $533.58 per month to meet her anticipated expenses, were she to make payment of her student loans. In addition, the Debtor has had a loan modification with holder of the mortgage on her residence, which expired in October, 2012; the Plaintiff anticipates that her mortgage payments will increase by approximately $500.00 per month.

21. Based on the foregoing, the Plaintiff states that she is unable to maintain a minimal standard of living for herself if she is forced to repay the Loans.

22. The plaintiff further believes that this state of affairs is likely to persist for the foreseeable future.

23. The Plaintiff further states that she has made good faith efforts to repay the Loans.

24. The Plaintiff therefore states that it would be an undue hardship for her if these student Loans were not discharged.

WHEREFORE, the Plaintiff respectfully prays:

1. That, pursuant to 11 U.S.C. § 523(a)(8), this Court find that it would constitute an undue hardship if the student Loans were not discharged;

2. That this Court enter an order declaring that the student Loans are discharged;

3. In the alternative, that the Loans be discharged in part; and

4. For such further relief as this Court deems just and proper.

Dated this 3rd day of January, 2013

MICHELLE B. CALIENTO

By:      /S/ Steven Weiss, Esq.
Steven Weiss, Esquire
BBO # 545619
SHATZ, SCHWARTZ AND FENTIN, P.C.
1441 Main Street
Springfield, MA 01103
Tel: (413) 737-1131
Fax: (413) 736-0375
sweiss@ssfpc.com

08\0488\Adversary Proceeding\complaint.student loan.1601